STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY C. RAMEY,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0142**  (BOR Appeal No. 2049766)
(Claim No. 2013009682)

**CLIFF'S LOGAN COUNTY COAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy C. Ramey, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cliff's Logan County Coal, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 20, 2015, in which the Board affirmed an August 19, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 4, 2013, denial of Mr. Ramey's request for authorization of lumbar facet joint injections. Additionally, the Office of Judges affirmed the claims administrator's December 4, 2013, denial of Mr. Ramey's request for authorization of a TENS unit. Finally, the Office of Judges affirmed the claims administrator's December 23, 2013, denial of Mr. Ramey's request for authorization of the pain medication Norco. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ramey was employed as a roof bolter with Cliff's Logan County Coal when he injured his lower back on October 10, 2012, while removing a bolter cable. On October 14, 2012, a lumbar spine MRI was performed. The results of that lumbar spine MRI were compared with the results of a lumbar spine MRI performed on May 18, 2011. It was noted that the May

1

18, 2011, MRI revealed degenerative disc disease and a disc protrusion at L4-5. When the two MRIs were compared, it was further noted that a slight improvement at L4-5 had occurred. On October 23, 2012, the claim was held compensable for a lumbar sprain/strain.

Following the October 10, 2012, injury, Mr. Ramey sought chiropractic treatment with Cliff Hill, D.C., who requested authorization for a TENS unit on October 16, 2013.[1] On November 18, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and opined that Mr. Ramey requires no further treatment in relation to the compensable lumbar sprain/strain. In two separate decisions dated December 4, 2013, the claims administrator denied the request for authorization of lumbar facet injections and also denied the request for authorization of a TENS unit. On December 23, 2013, the claims administrator denied the request for authorization of the pain medication Norco.

On March 18, 2014, Jerry Scott, M.D., performed an independent medical evaluation and opined that no further treatment is required in relation to the compensable lumbar sprain. Dr. Scott noted that Mr. Ramey's medical record indicates that he has been experiencing chronic back pain since 2008, with diagnostic imaging clearly demonstrating the presence of pre-existing degenerative changes. Dr. Scott then opined that the requested TENS unit, lumbar facet joint injections, and the use of the medication Norco are all aimed at treating the pre-existing degenerative changes rather than the compensable injury.

On April 8, 2014, Dr. Hill was deposed. Dr. Hill testified that the bulging L4-5 disc is the primary cause of Mr. Ramey's current symptoms. He further testified that diagnostic imaging reveals that the bulging disc pre-existed the compensable injury. Finally, Dr. Hill testified that he recommended the use of a TENS unit to help with back pain associated with the bulging disc.

In its Order affirming the December 4, 2013, and December 23, 2013, claims administrator's decisions, the Office of Judges held that Mr. Ramey has failed to demonstrate that the requested TENS unit, lumbar facet joint injections, and the pain medication Norco are medically necessary and reasonably required for the treatment of the compensable lumbar sprain. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 20, 2015.

The Office of Judges found that Mr. Ramey has not submitted any evidence demonstrating that the requested lumbar facet injections and the medication Norco are medically necessary for the treatment of the compensable injury. Further, the Office of Judges noted that the only evidence of record pertaining to the requests for authorization of lumbar facet injections and the medication Norco, namely the reports of Dr. Mukkamala and Dr. Scott, indicate that no further treatment for the compensable lumbar sprain is needed. Regarding the request for

---

[1] Mr. Ramey also sought pain management care from Francis Saldanha, M.D., who authored requests for authorization of lumbar facet injections and the pain medication Norco, both of which are at issue in the instant appeal. However, neither Dr. Saldanha's treatment notes nor his requests for authorization of lumbar facet injections and the medication Norco were submitted into evidence before the Office of Judges.

authorization of a TENS unit, the Office of Judges noted that Dr. Hill testified that the use of the TENS unit is aimed at relieving symptoms associated with the L4-5 disc protrusion. The Office of Judges took judicial notice of its decision dated July 3, 2014, in which it affirmed the claims administrator's denial of Mr. Ramey's request to add L4-5 disc displacement as a compensable diagnosis. The denial of the request to add L4-5 disc displacement as a compensable diagnosis was not appealed to this Court. After noting that a TENS unit has been requested for the treatment of the non-compensable L4-5 disc protrusion, the Office of Judges determined that the evidence of record fails to establish that the requested TENS unit is medically necessary for the treatment of the compensable lumbar sprain. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum